UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Selest Drayton, # 280585, <br><br>Plaintiff, <br><br>vs. <br><br>Ann Hallman, Inmate Grievance Administrator Chief; <br>Angela Hardin, Inmate Grievance Administrator; <br>Ms. Culbreath, Inmate Grievance Coordinator McCormick Correctional; <br>Ms. Jenkins, Inmate Grievance Coordinator Lieber Correctional; <br>Ms. Gray, Mental Health Counselor McCormick Correctional; <br>Mr. Williams, Mental Health Counselor McCormick Correctional; <br>Nurse Garcia, McCormick Correctional Inst.; <br>Nurse Andrews, Health Care Administrator McCormick; <br>Ms. Franklin, Mailroom McCormick Correctional; <br>Ms. Glidewell, Disciplinary Hearing Officer McCormick; <br>Cpl. Young, SMU Carrier McCormick, <br><br>Defendants. | C/A No. 2:12-01498-MGL-BHH <br><br><br><br><br><br><br><br><br><br>Report and Recommendation <br>for Partial Summary Dismissal |

Robert Selest Drayton ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(DSC). Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names state employees as defendants.[1] Having reviewed the complaint in accordance with applicable

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

law, the undersigned concludes that it should be summarily dismissed as to the following defendants: Ann Hallman; Angela Hardin; Ms. Culbreath; Ms. Jenkins; Ms. Gray; Mr. Williams; and Ms. Glidewell. In a separately docketed order, the undersigned has authorized service against defendants Nurse Garcia, Nurse Andrews, Ms. Franklin, and Cpl. Young.

FACTS PRESENTED

Plaintiff claims that he was transferred from Lieber Correctional Institution (LCI) to McCormick Correctional Institution (MCI) on November 3, 2011. ECF No. 1, page 3. Approximately three weeks later, Plaintiff was charged with possession of an illegal cell-phone allegedly found in his belongings during the transfer between institutions. *Id.* Because Plaintiff takes mental health medications, he claims that SCDC policy requires a mental health counselor to provide an evaluation prior to any disciplinary hearing. *Id.* However, the complaint indicates that a disciplinary hearing officer, defendant Glidewell, found Plaintiff guilty of the infraction without an evaluation by either of the two MCI mental health counselors, defendants Gray and Williams. *Id.* at 3-4. Plaintiff further alleges that defendant Williams provided a false written statement that Plaintiff had been evaluated prior to the hearing and that defendants Gray and Williams' failure to interview Plaintiff constitutes deliberate indifference to medical needs. *Id.* at 5. Plaintiff lost 110 days good time, and other privileges, as a result of the disciplinary conviction. *Id.*

Plaintiff next claims that defendant Franklin, who works in the mailroom at MCI, has denied Plaintiff court access by refusing to mail his legal documents in a pending legal case. *Id.* at 6. Plaintiff also alleges that defendant Franklin's actions are in retaliation for Plaintiff having filed a grievance "on her." *Id.* Plaintiff names defendants Culbreath, Hardin

2

Jenkins, and Hallman for refusing to properly process or investigate his many grievances. *Id.* at 8-10, 14. Defendants Andrews and Garcia are listed for alleged deliberate indifference to Plaintiff's medical needs at MCI. *Id.* at 11. Plaintiff claims that these two employees refused to provide Plaintiff with medical treatment for hypertension, which causes Plaintiff to pass out and experience severe migraines *Id.* at 11. Plaintiff further alleges that defendants Andrews and Garcia refused to provide pain medication or follow-up treatment after Plaintiff had surgery on his nose. *Id.* at 12-14. Finally, the complaint claims that defendant Young refused to provide Plaintiff legal materials or soap while in special management unit (SMU) lock-up. *Id.* at 16-18. Defendant Young allegedly provided soap and pens/legal materials to other SMU inmates, but refused to do so for Plaintiff, even after being informed that Plaintiff had court deadlines to meet in pending cases. *Id.* at 17. The complaint seeks injunctive relief and monetary damages. *Id.* at 19-20. Plaintiff has also filed a motion for preliminary injunction in this case.[2] ECF No. 16.

*APPLICABLE LAW AND ANALYSIS*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[2] The order directing service of the instant complaint against defendants Garcia, Andrews, Franklin, and Young, further directs these defendants to file a response to Plaintiff's motion for preliminary injunction.

3

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where a complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff provides sufficient factual information to withstand summary dismissal of his § 1983 claims against defendants Garcia, Andrews, Franklin, and Young, the complaint is subject to summary dismissal for the remainder of the defendants.

As an initial matter, the complaint alleges that defendants Culbreath, Hardin Jenkins, and Hallman refused to properly process or investigate institutional grievances filed by Plaintiff. ECF No. 1 at 8-10, 14. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *see also*

*Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Because the complaint's claims against defendants Culbreath, Hardin, Jenkins, and Hallman, for failure to process Plaintiff's grievances, are not cognizable under 42 U.S.C. § 1983, these defendants are entitled to summary dismissal from this case.

Next, the complaint claims that defendant Glidewell found Plaintiff guilty of a disciplinary infraction without first having him evaluated by defendants Gray and Williams, MCI mental health counselors. ECF No.1 at 3-4. Plaintiff further claims that defendant Williams provided a false statement indicating that Plaintiff did receive an evaluation prior to the disciplinary hearing. *Id.* at 5. Liberally construed, the complaint alleges that defendants Glidewell, Gray and Williams violated Plaintiff's right to due process during the disciplinary process. It is true that disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). However, in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(A "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983."); *see also Edwards v. Ogunsile*, C/A No. 0:09-3319-TLW-PJG, 2011 WL 779884 at *3 (D.S.C. Jan.

24, 2011)("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones.").

While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004)("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Plaintiff indicates that he lost 110 days of good time credit as a result of the disciplinary conviction, but provides no facts to demonstrate that his institutional conviction has been invalidated. ECF No. 1 at 5. Because *Heck's* favorable termination requirement applies in the instant circumstance, Plaintiff's § 1983 due process claim is barred by the holdings in *Heck* and *Edwards*. Further, to the extent Plaintiff may be seeking the return of any earned good conduct time credits, such relief is unavailable in § 1983 action. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, Plaintiff's due process claims against defendants Glidewell, Gray, and Williams are subject to summary dismissal.

Finally, the complaint states that defendants Gray and Williams' failure to interview Plaintiff prior to the disciplinary hearing constitutes deliberate indifference to a medical need. ECF No. 1 at 5. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Rish v. Johnson*, 131 F.3d

6

1092, 1096 (4th Cir. 1997)(deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm")(citation omitted). Furthermore, the Fourth Circuit has noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851–852 (4th Cir. 1990)(citation omitted). While the instant complaint alleges that defendants Gray and Williams failed to interview Plaintiff prior to a disciplinary hearing, Plaintiff provides no facts to demonstrate that defendants Gray and Williams denied Plaintiff mental health treatment. As such, Plaintiff's allegations fail to rise to the level of deliberate indifference to a serious medical need and defendants Gray and Williams are entitled to summary dismissal from this action.

*CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process as to defendants Ann Hallman, Angela Hardin, Ms. Culbreath, Ms. Jenkins, Ms. Gray, Mr. Williams, and Ms. Glidewell.

July 26, 2012  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).